IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>　　Plaintiff,<br><br>　　v.<br><br>HARPER'S MILL HOMEOWNERS ASSOCIATION,<   br>　　Defendant. | )<br>)<br>)<br>)<br>)   Civil Case No. 3:24CV814 (RCY)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This is a declaratory judgment action between Plaintiff, the insurer, and Defendant, the insured, regarding the scope of Plaintiff's insurance policy issued to Defendant from September 2021 to September 2022. This case is before the Court on Defendant's Motion to Compel Arbitration and Stay Pending Arbitration ("Motion to Compel"). ECF No. 10. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion to Compel, in full.

### I. RELEVANT BACKGROUND

From September 2, 2021, to September 2, 2022, Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") issued a general liability policy ("the Policy") to Defendant, Harper's Mill Homeowners Association ("Defendant"). Compl. ¶ 13, ECF No. 1. On June 15, 2022, approximately fifteen people claimed that they were injured after coming into contact with pool water on Defendant's premises that contained hazardous chemical byproduct. *Id.* ¶¶ 10–12. The Policy had certain exclusions, including an exclusion for bodily injury resulting from discharge or

dispersal of pollutants. *Id.* ¶ 16. Based on the aforementioned exclusion, Plaintiff asserts that it has no duty to defend or indemnify Defendant in any underlying lawsuit based on the June 15, 2022 pool incident. *Id.* ¶ 17–19.

The Policy also contained, *inter alia*, a non-binding arbitration agreement. Mot. Compel Ex. A at 84, ECF No. 10-1. The non-binding arbitration agreement states in full:

> If we and the insured do not agree whether coverage is provided under this Coverage Part for a claim made against the insured, then either party may make a written demand for arbitration.
>
> When this demand is made, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:
>
> 1. Pay the expenses it incurs; and
>
> 2. Bear the expenses of the third arbitrator equally.
>
> Unless both parties agree otherwise, arbitration will take place in the county or parish in which the address shown in the Declarations is located. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators may be appealed to a court of competent jurisdictions.

Mot. Compel Ex. A at 84.

On November 14, 2024, Plaintiff filed its Complaint, Compl., ECF No. 1. Defendant answered on December 18, 2024. Answer, ECF No. 4. Shortly thereafter, on December 31, 2024, Plaintiff filed its Motion for Summary Judgment, ECF No. 5. On January 21, 2025, Defendant filed this instant Motion to Compel Arbitration and Stay Pending Arbitration, as well as its Brief in Support thereof. Mot. Compel, ECF No. 10; Br. Supp., ECF No. 11. Plaintiff filed its Response in Opposition on January 25, 2025. Resp. Opp'n, ECF No. 14. Defendant replied on January 31, 2025. Reply, ECF No. 16.

## II.  STANDARD OF REVIEW

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, "governs the rights and responsibilities of the parties with respect to an arbitration agreement," *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 342 (4th Cir. 2009), and represents "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 712 (4th Cir. 2015) ("The FAA manifests an emphatic federal policy in favor of arbitral dispute resolution . . . and requires that courts rigorously enforce agreements to arbitrate." (citations omitted)).  "Pursuant to th[is] liberal policy, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 273–74 (4th Cir. 1997) (quoting *Moses H. Cone*, 460 U.S. at 24–25).

The party seeking to compel arbitration under the FAA bears the burden to demonstrate that there is a written agreement that includes an arbitration provision which purports to cover the dispute.  *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002); *see Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001).  "When parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, the FAA requires federal courts to stay judicial proceedings," pursuant to 9 U.S.C. § 3, "and compel arbitration in accordance with the agreement's terms," pursuant to 9 U.S.C. § 4.  *Murray v. United Food & Com. Workers Int'l Union*, 289 F.3d 297, 301 (4th Cir. 2002).

The FAA generally preempts state law limiting arbitration; however, the McCarran-Ferguson Act recognizes "reverse-preemption" of federal law in favor of state law that regulates "the business of insurance."  15 U.S.C. § 1012(b) ("No Act of Congress shall be construed to

3

invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance"); *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 453–54 (4th Cir. 2017) ("[The] McCarran-Ferguson Act endows states with plenary authority over the regulation of insurance."). "Accordingly, the FAA can be reverse preempted by state laws regulating the enforceability of arbitration agreements in insurance contracts." *Erisman v. Axis Ins. Co.*, 2025 WL 1601061, at *3, (W.D. Va. June 5, 2025) (citing *Wash. Dep't Transp. v. James River Ins.*, 292 P.3d 118, 123 (Wash. 2013)).

### III. DISCUSSION

The Court first considers whether to compel arbitration in this matter based on the parties' non-binding arbitration agreement. Should the Court compel arbitration, the Court will then decide whether to dismiss or stay the matter.

The FAA provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Beyond that, all a movant must initially show to compel arbitration under the FAA is: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Meadows v. Cebridge Acquisition, LLC*, 132 F.4th 716, 726 (4th Cir. 2025) (quoting *Adkins*, 303 F.3d at 500–01).

If the party seeking to compel arbitration meets all the above elements, then the opposing party must come forward with sufficient facts to dispute the entitlement of arbitration. *de Jesus-Israel v. U-Haul Co. of Va.*, 571 F.Supp.3d 490, 495 (E.D. Va. 2021). In doing so, the Court must

determine, in light of Virginia state law,[1] whether (1) the parties' arbitration provision is valid; and (2) whether the dispute falls within the parameters of the arbitration provision. *United States ex rel Harbor Constr. Co., Inc. v. T.H.R. Enters., Inc.*, 311 F.Supp.3d 797, 801 (E.D. Va. 2018) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001)); *de Jesus-Israel*, 571 F.Supp.3d at 495–96. "Virginia law considers arbitration agreements 'valid, enforceable[,] and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract.'" *Galloway v. Priority Imports Richmond, LLC*, 426 F.Supp.3d 236, 241 (E.D. Va. 2019) (citing Va. Code Ann. § 8.01-581.01). Like the FAA, the Virginia Uniform Arbitration Act ("VUAA") "presumes the validity of arbitration agreements 'except upon such grounds as exist at law or in equity for the revocation of any contract.'" *Erisman*, 2025 WL 1601061, at *3 (quoting Va. Code Ann. § 8.01-581.01).

Here, the parties do not dispute that there is a disagreement between the parties, that there is a written arbitration agreement that purports to cover the dispute, that the agreement relates to interstate commerce, or that one party refuses to arbitrate the dispute. *See Adkins*, 303 F.3d at 500–01; *see generally* Br. Supp.; Resp. Opp'n; Reply. Therefore, the only remaining issue is whether the arbitration agreement is valid under Virginia law.

Defendant argues that the non-binding arbitration agreement is valid and enforceable under Virginia law, Br. Supp. 2–3, whereas Plaintiff argues that the parties' non-binding arbitration agreement is unenforceable, Resp. Opp'n 2–3. Plaintiff also contends that Defendant was dilatory in filing its motion and that arbitration would be futile. *Id.* at 1.

---

[1] "Whether the parties have in fact executed an enforceable agreement to arbitrate is a matter of contract interpretation governed by state law." *Meadows v. Cebridge Acquisition, LLC*, 132 F.4th 716, 726 (4th Cir. 2025). "In Virginia, '[q]uestions concerning the validity, effect, and interpretation of a contract are resolved according to the law of the state where the contract was made.'" *Green v. Kline Chevrolet Sales Corp.*, 2019 WL 3728266, at *4 (E.D. Va. Aug. 7, 2019) *(*quoting *Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 419 (4th Cir. 2004)).

**A. The Court Will Compel Non-Binding Arbitration**

The Court will first address whether the arbitration agreement is enforceable under Virginia law before turning to whether Plaintiff's dilatory and futility arguments hold water.

<u>1.  The Non-Binding Arbitration Agreement Is Enforceable Under Virginia Law</u>

Defendant argues that the non-binding arbitration agreement is enforceable under Virginia law because it does not deprive the Court of jurisdiction in this case and states that any decision is appealable to a court of competent jurisdiction.  Br. Supp. 2–3.  Plaintiff disagrees and counters that neither the Fourth Circuit, nor the applicable statute, distinguish between binding and non-binding arbitration provisions in voiding mandatory arbitration provisions under Virginia law.  Resp. Opp'n 2–3.

"[W]hen the General Assembly includes specific language in one section of a statute, but omits that language from another section of the statute, we must presume that the exclusion of the language was intentional." *Fines v. Rappahannock Area Cmty. Srvs. Bd.*, 876 S.E.2d 917, 925 (Va. 2022).  Under Va. Code Ann. § 38.2-312, an insurance contract is void when it "[d]epriv[es] the courts of this Commonwealth of jurisdiction in actions against the insurer."  Va. Code Ann. § 38.2-312.  The Fourth Circuit, and more recently, a federal district court, have interpreted this Virginia statute to "void mandatory arbitration provisions in insurance contracts."  *Minnieland*, 867 F.3d at 454; *Erisman*, 2025 WL 1601061, at *8 ("The court concludes that the Jurisdiction Statute, Virginia Code § 38.2-312, voids mandatory arbitration provisions in insurance contracts.").  Key to these courts' reasoning was the fact that, in both *Minnieland* and *Erisman,* the underlying arbitration agreement was *binding.  See Minnieland*, 867 F.3d at 452; *Erisman*, 2025 WL 1601061, at *2 ("This provision does not apply if the Insured Person or the person claiming to be the

beneficiary is a resident of a state where the law does not allow binding arbitration in an insurance policy, but only if this Policy is subject to its laws.").

The Fourth Circuit reached its conclusion in *Minnieland*, in part, by considering that "a Virginia insured would be deprived of recourse to the judiciary to resolve a dispute over the interpretation of an insurance contract governed by Virginia law, [which is] the precise outcome Virginia sought to prevent in enacting Section 38.2–312." *Minnieland*, 867 F.3d at 457.  Similarly, *Erisman* concluded that § 38.2-312 invalidates arbitration agreements that "deprive the courts of power to make a final decision in a judicial proceeding against an insurance company." *Erisman*, 2025 WL 1601061, at *4 (analyzing mandatory arbitration under § 38.2-312 to include an arbitrator "who makes the 'final and binding decisions resolving the dispute,' not the court" (quoting *Arbitration*, *Black's Law Dictionary* (12th ed. 2024))).  The Fourth Circuit did not specifically address binding versus non-binding arbitration agreements in *Minnieland*, nor did the district court in *Erisman*.

However, the district court in *Erisman* distinctly notes that "the legislature intended the Jurisdiction Statute to encompass binding arbitration provisions." *Erisman*, 2025 WL 1601061, at *6; *see id.* at *5 (referring to Va. Code Ann. § 38.2-312 as the "Jurisdiction Statute").  In coming to its conclusion, the district court distinguished Va. Code Ann. § 38.2-312, the statute at issue, from Va. Code Ann. § 38.2-2616, which is a separate Virginia statute that regulates insurance policies. *Id.*, at *5.  § 38.2-2616 carves out an exception to § 38.2-312, by explicitly allowing home protection companies to include a binding arbitration provision in its contract, signaling that § 38.2-312 forbids binding arbitration. *See id.*; § 38.2-2616.

Defendant argues that the non-binding arbitration agreement is enforceable under Virginia law because it does not deprive the courts of jurisdiction and provides that any arbitration decision

7

is appealable to a "court of competent jurisdiction." Br. Supp. 2. Defendant emphasizes that the arbitrator would not have exclusive authority to determine any issues in this case, by virtue of the arbitration agreement being non-binding. *Id.* at 2–3. Plaintiff disagrees arguing that the Fourth Circuit's holding in *Minnieland Private Day School, Inc. v. Applied Underwriters Captive Risk Assurance Company, Inc.*, 867 F.3d 449 (4th Cir. 2017), which voided mandatory arbitration provisions, should apply equally to non-binding arbitration agreements. Resp. Opp'n 2–3. In support of its argument, Plaintiff notes that *Minnieland* does not distinguish between binding and non-binding arbitration. *Id.* at 3.

Unlike *Erisman* and *Minnieland*, this case involves a non-binding arbitration agreement that specifically states "[a]ny decision agreed to by the arbitrators may be appealed to a court of competent jurisdictions." Mot. Compel Ex. A at 84, ECF No. 10-1. Therefore, Plaintiff in this instance would not be "deprived of recourse to the judiciary," *Minnieland*, 867 F.3d at 457, and the Court would not be deprived "of power to make a final decision in a judicial proceeding against [Plaintiff]," *Erisman*, 2025 WL 1601061, at *4, because either party has the ability to appeal the arbitrator's decision.

The district court's analysis in *Erisman* parallels and elucidates this issue further. Although the *Erisman* court largely analyzed whether binding arbitration was included under § 38.2-312, it ultimately concluded that the General Assembly intended to preclude binding arbitration when considered in tandem with § 38.2-2616. Noticeably absent in the *Erisman* district court's analysis and in § 38.2-2616 is any mention of non-binding arbitration. *See generally* § 38.2-2616. Just as the General Assembly clearly delineated binding arbitration, it excluded language regarding non-binding arbitration. Thus, the Court "must presume that the exclusion of the language was intentional." *Fines*, 876 S.E.2d at 925. It is reasonable to surmise that non-binding arbitration is

8

not encompassed by § 38.2-312; otherwise, one would presume that § 38.2-2616 would have needed to explicitly carve out an exception for both binding *and* non-binding arbitration, which it does not.

### 2. Plaintiff's Remaining Arguments Fail

Next, the Court considers whether Defendant was dilatory in bringing its Motion to Compel or whether Plaintiff would be prejudiced by arbitration.

"Delay and the extent of the moving party's trial-oriented activity are material factors" in a court's assessment of whether the opposing party would be prejudiced by compelling arbitration. *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.3d 250, 252 (4th Cir. 1987). However, "[t]he tardy invocation of arbitration is not enough to find default, particularly when the delay was relatively brief." *Forrester*, 553 F.3d at 343. "Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration." *Fraser*, 817 F.2d at 252; *see also Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 703 (4th Cir. 2012) (finding that a six-and-a-half month delay, without more, was insufficient to demonstrate that the opposing party suffered actual prejudice) (citing *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 205 (4th Cir. 2004) (finding no inherent prejudice in a four-month delay); *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 982 (4th Cir. 1985) (finding the same for a six-month delay). The Fourth Circuit has "counsel[ed] against adopting a bright line rule that the mere filing of a dispositive motion on the merits is inherently prejudicial." *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 590 (4th Cir. 2012). Instead, the nonmoving party must show that "actual prejudice" would result from arbitration. *Id.*

Defendant contends that the filing of its Motion to Compel was not dilatory because it filed its motion three weeks after filing its Answer and there was no time-limit or set deadline as to

when a party could request non-binding arbitration. Reply 2. Without citing any caselaw to support its position, Plaintiff argues that arbitration would be futile, a waste of time and resources, and that Defendant was dilatory in seeking arbitration. Resp. Opp'n 1–2. Namely, Plaintiff contends that Defendant's three-month delay in requesting arbitration is prejudicial, and at most "game playing," in light of its pending motion for summary judgment. *Id.* at 2.

First, to the degree Plaintiff argues arbitration is futile or waste of time and resources, that argument fails. "Although non-binding arbitration may turn out to be a futile exercise—because [a party] can ultimately reject an arbitrator's decision—this fact does not, as a legal matter, preclude a non-binding arbitration agreement from being enforced." *United States v. Bankers Ins.*, 245 F.3d 315, 322 (4th Cir. 2001). This is largely because the outcome of arbitration has not been determined, and absent a decision from the arbitrator, a court cannot determine whether non-binding arbitration would be futile. *See id.* at 322–23. As is the case here, the Court cannot say whether non-binding arbitration would be futile, as there is a chance that the arbitrator will rule favorably to Plaintiff. As such, Plaintiff's futility argument, to the degree it presents such an argument, fails.

Second, the Court is unconvinced by Plaintiff's dilatory argument. Here, Defendant filed its Motion to Compel within two months of the Complaint being filed, about one month after it filed its Answer, and within three weeks of Plaintiff filing its Motion for Summary Judgment. All of this was done during the holiday season. Although Plaintiff accuses Defendant of "game playing," that hardly appears to be the case. This action is in the early stages of litigation, as there has been no initial pretrial conference and no scheduling order in this case. Although Plaintiff claims that arbitration would be prejudicial to it, it has not demonstrated that actual prejudice would befall it should the Court order arbitration. Thus, Plaintiff's dilatory argument also fails.

**B.  The Court Will Stay the Action Pending Arbitration**

Finding that this action is subject to mandatory arbitration, the Court must determine whether to stay or dismiss the suit.  "A court may dismiss or stay a suit that is governed by the FAA."  *Chronister v. Marks & Harrison, P.C.*, 2012 WL 966916, at *2 (E.D. Va. Mar. 21, 2012) (first citing 9 U.S.C. § 3; and then *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001)).  When a party seeks enforcement of an arbitration provision in district court, the party sufficiently "invoke[s] the full spectrum of remedies under the FAA, including a stay under [9 U.S.C.] § 3."  *Choice Hotels*, 252 F.3d at 710.  In this case, Defendant requested that the Court stay the proceedings.  The Court must grant the stay if it finds that (1) the issue involved in the lawsuit is "referable to arbitration," and (2) the "applicant for the stay is not in default in proceeding with such arbitration."  *Dillon*, 787 F.3d at 713.  Because the issue is referable to arbitration and Defendant is not in default, the Court will grant Defendant's request and stay the proceedings.

### IV. CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion to Compel and Stay Pending Arbitration.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 15, 2025
Richmond, Virginia

11